Judge Uhdek wood
delivered the opinion of the Court.
The defendant in errror, proceeded against the plaintiff, in the Bourbon county court, under the act passed, 13th December, 1820, providing for the establishment'of private passways. The court after various proceedings, intended to be in conformity with the act, established the passway. Various errors have been assigned, upon which the judgment and order of the county court-, are sought to be set aside and reversed. 'Wc shall notice such as we deem tenable.
11 is error in county court to act upon comm’rs. report under the act of 13 Jloc. 1820, relative to private pass-ways, until all the parties, through whose land the passway may be located, shall have been served with a a copy of the Porret-
*74 1st. It is alleged there is error in not appointing a guardian ad litem, to represent the infant children of Garrett Jones.
We know of no adjudged case, in which it has been decided to be unnecessary to appoint a guardian ad litem, to represent infants, in proceedings against them to establish a private passway, or to establish a highway, or public road, which would be a case analogous to the present. There is surely, much reason, that they should be represented by guardians ad litem, in those, as in any other cases, in court, where there interests are affected. The formalities of the law, in giving notice to infants, and afterwards proceeding to dispose of their rights, without appointing a competent person to attend and defend for them, would be a mockery of justice.
In this case, Barclay’s notice, shews, that there are four infants interested in the land, through which he proposes to have the passway established. The infancy being apparent on the face of the notice, a guardian ad litem, should have been appointed to represent them. A prudent guardian, would have demanded a writ of ad quod damnum, and so conducted the business, as to secure compensation to the infants for any injury they might sustain, if the court had, ex officio, awarded a writ of ad quod, damnum, for the infants, it might have superseded the necessity for appointing a guardian ad litem. As neither was done,' we think the court erred in establishing the passway.
2d. The court erred in acting upon the report of the commissioners,' before it had been served on the defendants below. The law requires, that the commissioners shall deliver a copy of their report, to each proprietor, through whose land the passway is to go, at least ten days before the court, at which the report is acted upon. This regulation, is designed to afford the proprietors time to consider the operation and effect, upon their interests, of the establishment of the passway, so that they may take measures accordingly. If they are satisfied with the report, they will make no resistance; if dissatisfied, they will appear in court, make defence, and ask writs of ad quod, dam-num. The delivery of the copy of the report, in this case, has not been made by the commissioners, but we *75 should not. lay any .stress on that circumstance, if it appeared by an official return of an officer, that the copies had been properly delivered. We that the commissioners appointed to view the route for the passway, are authorized by the statute to return the fact of delivering copies of their report, certified under their hands, and that a return so made, would be evidence. We are willing to concede that this may be substituted by an official return of the sheriff or constable, but beyond this, we are not willing to go, unless the proof shall be made in court, that copies of the report were delivered, and such proof of service, noted on the record. *
Theproceed-inSs of the shew notice1 to all the de. fendants. ■
We therefore regard the acknowledgement of Berry for himselfarid wife, it not appearing that it was in his hand writing, as no evidence that a copy was delivered. Barclay’s notice admitted they had an interest in the land. The court ought not to have acted upon their interest until the commissioners’ report was delivered to them as required -tyglaw. Audit was the duty of the coujrt to see that there was proper evidence of the fact, in the shape of an official return, or to enter proof of the fact, on their m^iutes, if it had been made in open court. As it appears to us, that neither has been done, we cannot say that Berry and wife, have ever been broughtinto court, for*' the purpose of answering 1.0 the report, and that, consequently, there is ground, upon which to presume they acquiesced in it, arising from their default.
The service of the copy on the infants, seems to us, to be likewise deficient. The ceremony of attempting to explain the meaning*of the report to them, when theif understanding had not attainted sufficient maturity to comprehend, shews the necessity of appointing guardians, ad litem, for them.
The proceedings of every court, should shew, that all the parties defendant, have been properly brought before the court, and have been put in a condition to make defence. If it appears from the record, that this has not been done, or rather, if it does not appear that it has been done, it is an error. Itis possible thatproof may have been made before the court, that Berry did really acknowledge service, or *76 that the him, was in his hand writing. endorsement, purporting to be signed by It should so appear to
Upon return of the report of r.omm’rs. if there be objection to the passway, the general road . 3nw, is to go'vern subsequent pro-epedings.
Ifi t do not appear that the jury was properly charged when executing writ of ad guod damnum inquest must be quashed, whether pass-way be thro’ resUand. °” Prospective damages to be glven'
*76 3d. We think the court erred in overruling the motion, to quash the inquest of the jury. On the return of the report of the commissioners, in case the proprietor of the land objects to the establishment of the passway, the law makes it the duty of the court, “to order such proceedings to be had by the jury, as is now directed by the law^in establishing public roads,” that is, to grant the party a writ of ad quod damnum, The general road law, will govern the proceedings in taking the inquest. The sheriff should charge the jury, “to say what damage it will be of, to the several respective proprietors and tenants who desired such writ, taking into estimation, as well the use of the lands, to be laid open for such road, as the additional fencing which will be thereby rendered necessary.” II. Dig. 1091.
The directions for taking and returning the inquest are given in nearly the same words which are used in directing the manner of taking and returning the inquest in the statute concerning mills, II. Dig. 935. The construction should be the same. In respect to the proceedings in mil! cases, it is well settled, that the inquest must shew, that the jury were charged as the law requires; Bibb vs Montjoy, II. Bibb, 3. The inquest must also respond to the several matters required to be given in charge. Same case, and Montjoy vs. Oldham, I. Marshall, 535, and Major vs. Taylor, I. Marshall, 552. We think these doctrines should be applied to this case, and if they are, the inquest cannot stand.
It does not appear that the jury were charged to take into consideration, the additional fencing which might be rendered necessary. It may be said, that as the act concerning passways will not authorize the opening them through arable land, such a charge was unnecessary. We think otherwise. If a road is opened through unenclosed land, by which the tract is split, it is proper to consider the additional fencing, which may become necessary at a future day, when the proprietor shall cut down the forest, and convert *77 the land into fields, for cultivation or pasture. Opening passways through enclosed lands, but not arable, renders it equally proper to consider prospectively additional fencing, which may be required when the proprietor may change the use of his land. We cannot say how much these considerations, shall weigh in the estimation of the jury. We.do not wish to be understood as indicating an opinion, that it would be their duty to ascertain the number of rails and pan-nels of fence, which might become necessary, and to give their value. The proprietor may never make a lane, or he may. The jury are to survey the present and contemplate the future uses of the property, with an eye to the law, which allows damages for the additional labour, which may become necessary in making fences. The inquest should shew that they had done this, and if it does not, it is error.
h is error nos P4rit'of ad’ qUod damnum to shew the "hlraoter'of his title, to the land. afieoted-
We are moreover of opinion, that-if the inquest returned, had been strictly in accordance with law, the court ought to have received the evidence, shewing that the jury did not take into consideration, the whole title of M’Ginty. The jury might give a remainder man, very properly, much less than they would allow, if he had the whole title and possession, M’Ginty being the only person who called for a writ of ad quod damnum, he should have been permitted to shew the extent of his title, for the extent of damages which he was entitled to, would depend upon it,and if he could have satisfied :the court, that the jury only allowed him compensation, as the holder of a less interest in the estate, than was really his, the inquest should have been sot aside, and another awarded. In case there are two joint tenants of the land over which the passway or road is to run, one of them asks a writ of ad quod damnum, and the other relinquishes all claim, and wishes the way or road established, shall the jury give the applicant full damages? We think half, is all that he is entitled to. Such things must be considered in proceedings, under writs of ad quod damnum. And we deem it most proper for the court, at the time the writ is applied for, to determine,in cases where the question arises, the extent of the interest held by the applicant, and direct accordingly; so that damages may be common- *78 suraie with that interest', and no more. Such a course seems to us peculiarly proper, where lands are by joint tenants or tenants in common.
Errors in fact proceeding" relative to private pass-!ways-‘
Brown, for plaintiffs; Mills, for defendant.
It is proposed by the counsel for defendant in error (-0 obviate the foregoing objections by trying matters oí" ^lct in ^is court- We are of opinion,that it would not be illegal to assign errors upon matters of fact in the present case, but believing that a trial of the facts here, would not cure, under any state of facts, all the errors which we have pointed out, we have thought proper to send the case back, fornew proceedings in the county court. At the term, next after the mandate of this court, shall be entered, the county court will ascertain whether copies of the commissioners’report has been duly served on all the parties through whose land, the passway is to run, and have the proof of service entered on their minutes, unless it appears by a return made by the commissioners,or by an officer, sheriff or constable. At the same time the inquest must be quashed, and a writ of ad quod damnum, in behalf of such of the proprietors as may apply for it, awarded.
The quantum of interest held in the land, by each applicant, should also be then settled. Upon the return of the cause, at the first term, the court will appoint a guardian ad litem for the infants, on whom a copy of the report should be served ten days previous to the ensuing term. Such guardians at the succeeding term, will represent the infants, and will either ask for a writ of ad quod damnum, in their be-, half, or abandon it. The defendant in error, by proceeding against them, has admitted they have an interest. Unless it be true, that they are interested, they ought not to have been proceeded against; and hence the great reason for appointing a guardian for them. Upon the return of the new inquest, the court will decide what is then proper to be done.
Thejudgment and order of the county court, es-. tablishing the passway is reversed and set aside, and the cause remanded for proceedings, in conformity with this opinion.
The plaintiffs in error must recover their costs.